FILED _____ ENTERED
\_\_\_\_\_ LOGGED \_\_\_\_\_ RECEIVED

APR 17 2019

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF EMAIL ACCOUNTS THAT ARE STORED AT PREMISES CONTROLLED BY YAHOO! AND EMAIL ACCOUNTS THAT ARE STORED AT PREMISES CONTROLLED BY GOOGLE, LLC | 19-1149 BPG<br><br>Case No. 19-1150 BPG<br><br>**Filed Under Seal** |

## GOVERNMENT'S MOTION TO SEAL AND FOR NONDISCLOSURE ORDER

The United States of America respectfully moves this Court for an order sealing the above-referenced warrants and application and affidavit submitted in support thereof, and orders directing Yahoo! and Google, LLC (the "Service Providers") not to notify any person (including the subscriber or customer of the account listed in the search warrant) of the existence of the search warrant, and in support thereof states:

1. United States Magistrate Beth P. Gesner authorized the execution of a search warrant upon the following e-mail accounts maintained by Yahoo!:

   a. bclllc_1@yahoo.com;

   b. BCLLLC@yahoo.com;

   c. jcmi_65@yahoo.com; and

   d. qualitystaffingllc@yahoo.com

2. United States Magistrate Beth P. Gesner also authorized the execution of a search warrant upon the following accounts maintained by Google:

   a. smnillc1@gmail.com; and

   b. jcmi.inc1960@gmail.com.

3. The affidavit submitted in support of the above-referenced warrants contains

information regarding an ongoing investigation related to alleged violations of 18 U.S.C. § 1343 (Wire Fraud) and 18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud).

4. Disclosure of the affidavit at this time could seriously jeopardize the investigation as it would reveal the investigation into the targets' email accounts, of which the targets may be unaware, and the identities of individuals related to this ongoing investigation, and it could potentially lead to the identification of individuals who are assisting law enforcement efforts. Further, continued investigation based on the results from these search warrants could reveal additional targets of the investigation who are not currently charged with any offense and may be unaware of the investigation. Therefore, disclosure of the affidavit at this time would in all likelihood compromise the integrity of the investigation and could quite possibly jeopardize the outcome of the investigation.

5. To seal an affidavit for a search or arrest warrant, the government must demonstrate that: (1) there is a compelling government interest requiring materials to be kept under seal and (2) there is no less restrictive means, such as redaction, available. *In re Search Warrants Issued on April 26, 2004*, 353 F. Supp. 2d 584 (D. Md. 2004). The procedures for sealing are set forth in *Baltimore Sun Co. v. Goetz*, 886 F.2d 60 (4th Cir. 1989). "The judicial officer may explicitly adopt the facts that the government presents to justify the sealing ...." *Id*. at 65. This motion and the Court's reasons for sealing should also be sealed. *Id*. Notice of the sealing is required, but the notice requirement is satisfied by the docketing of the order sealing the documents. *Id*.

6. The United States also requests that the Court order the Service Providers not to notify any person (including the subscribers and customers of the account(s) listed in the warrant) of the existence of the attached warrant to search information and accounts within their custody and control until further order of the Court. The Service Providers are providers of electronic

communication services, as defined in Title 18, United States Code, Section 2510(15), and/or remote computer services, as defined in Title 18, United States Code, Section 2711(2). Pursuant to Title 18, United States Code, Section 2703, the United States obtained the attached warrant, which require the Service Providers to disclose certain records and information to the United States. This Court has authority under Title 18, United States Code, Section 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

WHEREFORE, the government respectfully requests that the above-referenced search warrants and supporting affidavit, along with this motion and the Court's reasons for sealing, if made express in the order, be placed under seal until further order of this Court.

WHEREFORE, the government also respectfully requests that the Service Providers be ordered not to disclose the above-referenced search warrant.

Respectfully submitted,

Robert K Hur
United States Attorney

By: _____
Kathleen O. Gavin
Assistant United States Attorney